**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4103**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN ALVIS JACKSON, JR.,

Defendant – Appellant.

---

**No. 07-4094**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LARRY ANDREW CAREY,

Defendant – Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 08-263)

---

Submitted: March 27, 2009          Decided: July 1, 2009

---

Before WILLIAMS, Chief Judge, and MOTZ and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Anthony F. Anderson, Melissa W. Friedman, ANDERSON & FRIEDMAN, Roanoke, Virginia, for Appellant John Alvis Jackson, Jr.; Joseph A. Sanzone, SANZONE & BAKER, P.C., Lynchburg, Virginia, for Appellant Larry Andrew Carey. John L. Brownlee, United States Attorney, Jennie L. M. Waering, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; Thomas E. Booth, Amanda L. Riedel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is on remand from the Supreme Court of the United States, see Jackson v. United States, 129 S. Ct. 1307 (2009), which vacated our decision in United States v. Jackson, 524 F.3d 532 (4th Cir. 2008). In that decision, we affirmed, inter alia, the defendants' convictions on two counts of theft from a pension plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), in contravention of 18 U.S.C. § 664 (the "ERISA theft offenses"). Essential to our affirmance of the convictions on the ERISA theft offenses, we agreed with the district court and the government that unpaid employer ERISA pension plan contributions constitute "assets" of the plan.

The defendants filed a petition for writ of certiorari in the Supreme Court, and the Court requested a response from the government. In the government's brief, the Solicitor General confessed error in our decision with respect to the ERISA theft offenses, explaining that, "[a]lthough the government argued in the courts below that unpaid employer contributions are plan assets, the government now agrees with petitioners [that such unpaid contributions are not assets of an ERISA plan]." Brief for the United States at 9-10, Jackson v. United States, 129 S. Ct. 1307 (2009) (No. 08-263). The Court granted the defendants' petition for writ of certiorari and, on the basis of the government's confession of error, vacated our decision and

3

remanded the case "for further consideration in light of the position asserted by the Solicitor General in his brief." Jackson, 129 S. Ct. at 1307.

As explained below, we vacate the defendants' convictions on the ERISA theft offenses, as well as their sentences, and remand to the district court so that it may consider in the first instance the government's new position and its confession of error. We affirm, however, the defendants' remaining convictions.

I.

The defendants, John Alvis Jackson, Jr. and Larry Andrew Carey, were prosecuted in the Western District of Virginia on multiple fraud and theft offenses. In addition to the ERISA theft offenses, the defendants were convicted by a jury in March 2006 of the following:

- Two counts of bank fraud, in contravention of 18 U.S.C. § 1344 (the "bank fraud offenses");

- Five counts of wire fraud, in violation of 18 U.S.C. § 1343 (the "wire fraud offenses");

- A single count of making false statements in ERISA-mandated documents, in contravention of 18 U.S.C. § 1027 (the "ERISA false statement offense"); and

- A single count of theft from a health care benefit program, in violation of 18 U.S.C. § 669.

4

Jackson was also convicted of conspiracy to commit various federal offenses, in violation of 18 U.S.C. § 371.

The district court sentenced the defendants in January 2007. For purposes of the Sentencing Guidelines, the court grouped all of each defendant's offenses, including the ERISA theft offenses, resulting in advisory Guidelines ranges of 108 to 135 months for Jackson and 87 to 108 months for Carey. These ranges were predicated, in part, on offense level increases for causing a loss exceeding $10 million (including the loss amount attributable to the ERISA theft offenses); for jeopardizing the safety and soundness of the pension plan; and for embezzling, while acting as a fiduciary, from the pension and health care benefit plans. The court sentenced Jackson to 108 months and Carey to 87 months, at the bottom of their respective advisory Guidelines ranges.

On appeal, the defendants contested their convictions on the ERISA theft offenses (Counts Eleven and Twelve) on the ground, inter alia, that unpaid employer contributions are not assets of an ERISA plan so as to subject them to criminal liability under 18 U.S.C. § 664. The defendants also challenged the sufficiency of the evidence in support of certain of their other convictions. More specifically, both defendants challenged the evidence on a bank fraud offense (Count Two); Jackson challenged the evidence on the other bank fraud offense

(Count One), as well as on each of the wire fraud offenses (Counts Three through Seven); and Carey challenged the evidence on the ERISA false statement offense (Count Ten). Finally, the defendants raised numerous contentions of sentencing error, including the contention that, because their convictions on the ERISA theft offenses were improper, so were the increases in their Sentencing Guidelines offense levels for jeopardizing the safety and soundness of the pension plan. We rejected all of the defendants' arguments and, thus, affirmed their convictions and sentences. See United States v. Jackson, 524 F.3d 532 (4th Cir. 2008).

## II.

### A.

The government, having now decided that it erred in pursuing the ERISA theft offenses and that we erred in affirming those convictions, confessed error in the Supreme Court. See Young v. United States, 315 U.S. 257, 258 (1942) (recognizing that "[t]he public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent"). Nevertheless, the government's "confession does not relieve [us] of the performance of the judicial function." Id. Although "[t]he considered judgment of

6

the [government] that reversible error has been committed is entitled to great weight, . . . our judicial obligations compel us to examine independently the errors confessed." Id. at 258-59.

The government's confession of error implicates the propriety not only of the defendants' convictions on the ERISA theft offenses, but also of their sentences. Because the district court determined, as did we, that — contrary to the position now being espoused by the government — unpaid employer contributions constitute ERISA plan assets, we deem it prudent to remand so that the district court may consider in the first instance the government's confession of error. Accordingly, we vacate the defendants' convictions on the ERISA theft offenses, as well as their sentences, and remand for such other and further proceedings as may be appropriate. Cf. United States v. Matthews (In re Matthews), 395 F.3d 477, 483 (4th Cir. 2005) (remanding for district court to consider in first instance new theory raised by government on appeal).

## B.

As for the defendants' remaining convictions, we stand by our rejection of their challenges to the sufficiency of the evidence on certain specified counts. In so doing, we note our ongoing agreement with the district court's analysis in denying the defendants' Federal Rule of Criminal Procedure 29 motions

for judgments of acquittal on those counts.  See United States v. Jackson, No. 6:04-cr-70118 (W.D. Va. June 7, 2006).  We further observe that the government's confession of error with respect to the ERISA theft offenses does not implicate the propriety of the other challenged convictions.  Thus, we affirm the defendants' convictions except on the ERISA theft offenses.

## III.

Pursuant to the foregoing, we vacate the defendants' convictions on the ERISA theft offenses, as well as their sentences, and remand for such other and further proceedings as may be appropriate.  We affirm the defendants' other convictions.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

8